UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAXFER PALMA,

Defendant.

Case No. 23-cr-00187-JST-1

**ORDER RE: MOTIONS IN LIMINE**

Re: ECF Nos. 101, 104

Having considered the parties' briefs and the arguments presented on February 6, 2026, and good cause appearing, the Court now rules as follows on the parties' motions in limine:

I.   Government's Motions In Limine

A.   Motion in Limine #1:  To Admit the Statement of Keith Tyler Parker

The government has stated that it will not seek to introduce Parker's statements in its case in chief but will seek to admit them if the Defendant opens the door.  The motion is therefore denied without prejudice.  The government may request to introduce this evidence upon a showing of good cause outside the presence of the jury.

B.   Motion in Limine #2:  To Preclude the Defendant from Introducing His Own Statements

Both parties accurately state the law on this subject, but neither party identifies any particular statement to which the Court's order would apply.  The purpose of a motion in limine is not to obtain a generic ruling that the parties must follow the rules of evidence and civil procedure. *See Ream v. United States*, No. 2:17-CV-1141-RAJ, 2019 WL 2578600, at *4 (W.D. Wash. June 24, 2019) ("Plaintiff seeks to bar any evidence or opinions not disclosed in pre-trial reports or discovery . . . .  However, the federal rules permit use of such information at trial if the party's

failure to disclose the required information is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). As Plaintiff fails to specify particular evidence at issue, the Court declines to make the *in limine* ruling in a vacuum.").

This motion is denied without prejudice.

C.    Motion in Limine #3: To Admit Evidence of the Circumstances of Defendant's July 6, 2023 Arrest

Motion in Limine #4: To Admit Evidence of Defendant's July 6, 2023 Interview

The government offers two different justifications for the admission of this evidence. The first is to "provid[e] the context in which the charged crime occurred." *United States v. Collins,* 90 F.3d 1420, 1428 (9th Cir. 1996). The Ninth Circuit has stated the law as follows:

> Evidence of prior bad acts may be admitted "for the purpose of providing the context in which the charged crime occurred." *United States v. Collins,* 90 F.3d 1420, 1428 (9th Cir. 1996). Evidence of other acts that is "inextricably intertwined" with the underlying offense is admissible under Rule 404(b). *See United States v. Warren,* 25 F.3d 890, 895 (9th Cir. 1994). Evidence is "inextricably intertwined" if it "constitutes a part of the transaction that serves as a basis for the criminal charge," *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012–13 (9th Cir. 1995), or "was necessary to . . . permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.*

*United States v. Rrapi*, 175 F.3d 742, 748–49 (9th Cir. 1999).

The government does not contend that the events of July 6, 2023 "constitute a part of the transaction that serves as a basis for the criminal charge." It argues that the evidence is "necessary to permit the prosecutor to offer a coherent and comprehensible story." The government states,

> Defendant may try to walk back his April 11 admissions and, with respect to both the April 11 and 22 incidents, make a "wrong place, wrong time" argument, suggesting to the jury that he did not actually possess the controlled substances at issue or did not possess them with the requisite knowledge and intent. Indeed, that is exactly what he told SFPD during his April 22 interview. Evidence that less than three months later, Defendant left the residence where the April 11 charged drugs were recovered carrying a backpack that contained large quantities of methamphetamine, fentanyl, and plastic baggies; traveled to the Tenderloin in a vehicle; and walked towards Golden Gate and Hyde (where he was arrested on April 22) before being intercepted and detained must be admitted for the government to present a coherent and comprehensible story regarding the charged crimes.

2

That is a non-sequitur. While evidence of the events of July 6 might be indirectly impeaching, or evidence of the Defendant's intent, it is not required for the prosecutor to offer a coherent story—the evidence does not complete or explain the other evidence concerning the events of April 11, 2023 or April 22, 2023. This evidence is not admissible on that ground.

In the alternative, the government offers this evidence pursuant to Rule of Evidence 404(b), which provides, in relevant part, that "[e]vidence of other crimes, wrongs, or acts . . . . [may] be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "In the Ninth Circuit, a four-part test is used to determine the admissibility of evidence pursuant to Rule 404(b): Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quotation and citation omitted).

That test is met here. First, the evidence tends to prove a material point. The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). Second, the acts are not too remote in time. The Ninth Circuit has upheld the admissibility of a drug distribution conviction that was 13 years old; in this case, the gap in time is a matter of weeks. No one contests that the evidence is sufficient. And the act is similar—nearly identical—to the offense charged.

Accordingly, the Court will admit evidence of the circumstances of the July 6, 2023 arrest and Defendant's interview. While the Court does not now limit the government to specific items of evidence, the Court admonishes the government not to spend more time on this evidence than it merits. Fed. R. Evid. 403.

/ / /

/ / /

/ / /

3

D.      Motion in Limine #5: To Preclude Defendant from Introducing the Criminal Histories of Other Civilians Present for the April 11, 2023 Incident

For the reasons stated on the record at the February 6, 2026 pretrial conference, this motion is granted.

E.      Motion in Limine #6: To Allow the Government to Impeach Palma With His Prior Conviction if He Testifies

If Defendant testifies, the government seeks to admit his prior conviction for illegal entry in violation of 8 U.S.C. § 1325.

Pursuant to Federal Rule of Evidence 609, evidence of a conviction for a crime that, in the convicting jurisdiction, was punishable by imprisonment for more than one year must be admitted if the witness is the defendant and the probative value outweighs its prejudicial effect to the defendant. Fed. R. Evid. 609. The Ninth Circuit has outlined five factors that should be considered in balancing the probative value of a prior conviction against its prejudicial impact for purposes of Rule 609(a)(1): (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000). "Generally, the government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect." *United States v. Moffit*, 588 F. Supp. 3d 1106, 1109 (D. Idaho 2022) (citation modified).

Section 1325 provides as follows:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1325. There is no contention here that Palma made a "willfully false or misleading representation" or willfully concealed a material fact, and so the Court is left with a conviction for

entering the United States without permission and perhaps eluding examination by immigration authorities. Compared to the mill run of felony convictions, the impeachment value of a conviction for illegal reentry is low. That someone entered the United States illegally tells the jury very little about the person's character. "Unlike crimes of dishonesty or false statement, where the impeachment value exists in the nature of the crime, the impeachment value for a felony under Rule 609(a)(1) only derives from the mere fact of conviction." *Gray v. Clark*, 654 F. Supp. 3d 1062, 1069 (E.D. Cal. 2023). The Court finds that the government has not met its burden of showing that the probative value of this conviction outweighs its prejudicial effect on the Defendant. The motion is denied.

        F.      <u>Motion in Limine #7: To Require Defendant to Provide Notice and an Offer of Proof Before Any *Henthorn* Inquiry</u>

Defendant responds to this motion as follows:

> Mr. Palma agrees that that the Court should adopt the procedure used in other matters in this district as it relates to impeachment with *Henthorn* material. Thus, he agrees that, as in *Williams* and *Cerna*, the Court should "requir[e] judicial vetting of proposed use of *Henthorn* material prior to questioning, outside the presence of the jury, except where the questioning concerns an express, sustained finding of untruthfulness, false statement, or false report."

ECF No. 108 at 7 (quoting ECF No. 104 at 19). The government's motion is granted.

        G.      <u>Motion in Limine #8: To Preclude Defendant from Making References to Punishment, Collateral Consequences of Conviction, or Other Matters that Seek to Elicit Jury Sympathy</u>

The government seeks to preclude the Defendant from making any references to potential punishment or other collateral consequences of conviction. It also seeks an "unequivocal [jury] instruction before trial that such references are proscribed," although it does not provide the language of such an instruction. ECF No. 104 at 27.

Defendant has no objection to the government's request to preclude references to punishment or collateral consequences, and that part of the government's motion is therefore granted. The government's motion for a preliminary jury instruction is denied. The Court will give the preliminary instructions contained in the Ninth Circuit Model Instructions.

The government also seeks to preclude testimony or evidence relating to Defendant's

United States District Court
Northern District of California

United States District Court
Northern District of California

personal circumstances and background.  The Court will not categorically preclude the Defendant from offering testimony or evidence relating to these subjects, but will sustain an objection to such testimony if offered for an improper purpose or in violation of the Rules of Evidence (including Rule 403).  For example, the Court does not see how testimony concerning the circumstances of the Defendant's childhood in Honduras, his immigration and parental status, or his alleged transfer of money back to family in Honduras, are relevant to this action.

       H.      Motion in Limine #9: All Witnesses Except the Case Agent Should Be Excluded from the Courtroom

This motion is granted without objection.

       I.      Motion in Limine #10:  Defendant Should Be Barred from Offering Evidence that Could Have Been, but Was Not, Produced in Discovery

The government's motion does not identify the particular items of evidence at issue (understanding that it does not yet know what those items are) and the Court cannot rule in a vacuum.  The motion is denied without prejudice to objection at trial.

II.      Defendant's Motions In Limine

       A.      Motion in Limine #1: To Exclude the Statements of Keith Tyler Parker

The Court grants this motion in part and incorporates by reference its ruling on Government Motion in Limine #1.

       B.      Motion in Limine #2: To Exclude Photographs from Exhibit 160

This motion was resolved by a stipulation placed on the record.

       C.      Motion in Limine #3: To Exclude Exhibits 51 and 67

These exhibits are a video of the search of a dog crate at the Defendant's residence, during which drugs were located, and a still photograph from that video in which the dog is partially visible.  The Defendant argues that the visible presence of a small dog in the video and photograph is unduly prejudicial and not relevant to the charged offenses.

The Court will deny the motion.  The Court finds that the Government is entitled to present evidence that drugs were secreted in the dog crate.  That having been established, adding the presence of an actual dog does not significantly increase the prejudice to the Defendant.

/ / /

United States District Court
Northern District of California

D.      Motion in Limine #4: To Exclude Certain of Special Agent Odunivi's Expert Opinions as Irrelevant

The motion is granted in part and denied in part.  The first two sentences of Paragraph 8 are excluded.  In all other respects, the motion is denied.  Testimony that narcotics are often diluted before sale helps explain why the drugs in this case are not 100 percent pure.  Testimony that fentanyl is dangerous in small doses supports the government's allegation that the quantity possessed by Defendant would not have been possessed for personal use.  There is no undue prejudice to the Defendant from admission of these opinions.

E.      Motion in Limine #5: To Exclude Defendant's Statements and Other Evidence Concerning the Events of July 7, 2023

This motion is denied for the reasons set forth in connection with Government Motions in Limine # 3 and 4.

**IT IS SO ORDERED.**

Dated:  February 15, 2026

_____
JON S. TIGAR
United States District Judge